**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

```
DUANE E. BLOCKER SR.,         :    HABEAS CORPUS
      Petitioner,             :    28 U.S.C. § 2241
                              :
      v.                      :
                              :    CIVIL ACTION NO.
STATE OF GEORGIA,             :    1:14-CV-223-WSD-ECS
      Respondent.             :
```

**FINAL REPORT AND RECOMMENDATION**

Duane E. Blocker Sr. has filed a 60-page "Petition for Writ of Habeas Corpus Under 28 U.S.C.A. § 2241(c)(1)(2)(5)" and 80 pages of exhibits.  See [Doc. Nos. 1 & 1-1].  Mr. Blocker recites a "sequence of events" that he believes demonstrate that City of Atlanta Police officers and others have, among other things, "violated [his] rights to due process, equal protection of the law, liberty interest in freedom from arbitrary restraint protected under the First, Fourth, Sixth, Thirteenth and Fourteenth Amendments of the United States" relating to his opportunity and the opportunity of others to play chess and smoke cigarettes in Woodruff Park.  See [Doc. No. 1 at 2, 10].  Mr. Blocker indicates that he has been arrested in the past and now faces criminal prosecution.  See [id. at passim].  Mr. Blocker asks:

> 1. That Warrant #EW70311 be rendered VOID,
>
> 2. That the prosecution of STATE OF GEORGIA v. DUANE E. BLOCKER SR., Case #13CR396587, be rendered VOID and DISMISSED, and ACQUITTED due to the lack of

> probable cause and subject matter jurisdiction to open and procure this case.

[Doc. No. 1 at 57]. In short, Mr. Blocker, who is not in pretrial detention, is seeking federal intervention in pending state criminal proceedings.

Federal courts have long recognized a "fundamental policy against federal interference with state criminal proceedings." Younger v. Harris, 401 U.S. 37, 46 (1971). After thorough review of Mr. Blocker's § 2241 Petition and exhibits, the undersigned concludes that Mr. Blocker has not alleged "special circumstances" that are adequate to overcome the policy of abstention required by Younger. See, e.g., Middlesex v. County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Hughes v. Atty' Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004). Rather, each of Mr. Blocker's concerns about the state proceedings, to the extent it involves a federal constitutional issue at all, is capable of being addressed in state court, and none of his concerns warrants immediate federal intervention in an ongoing state proceeding that implicates important state interests. See generally 31 Foster Children v. Bush, 329 F.3d 1244, 1274 (11th Cir. 2003). Mr. Blocker may raise and argue his concerns about subject matter jurisdiction, personal jurisdiction, probable cause, mandatory disclosure of exculpatory evidence and other issues in state court.

2

Because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the undersigned **RECOMMENDS** that this case be **SUMMARILY DISMISSED**. See 28 U.S.C. foll. § 2254, Rules 1(b) & 4. Because Mr. Blocker does not meet the standard for the issuance of a Certificate of Appealability ("CoA"), see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the undersigned further **RECOMMENDS** that a CoA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 15th day of April, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev.8/82)