# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DUANE E. BLOCKER, SR.,

    Petitioner,

v.

STATE OF GEORGIA,

    Respondent.

1:14-cv-223-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [6] ("R&R").

## I. BACKGROUND

On January 27, 2014, Petitioner Duane E. Blocker, Sr. ("Petitioner") filed his "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241(c)(1)(2)(5)" [1] (the "Petition"). The Petition consists of sixty pages of factual assertions and legal argument, and eighty pages of exhibits, concerning an alleged violation of Petitioner's "rights to due process, equal protection of the law, and liberty interest in freedom from arbitrary restraint protected under the First, Fourth, Sixth, Thirteenth and Fourteenth Amendments of the United States Constitution." (Petition at 10).

Petitioner alleges that City of Atlanta police officers and others have sought to unlawfully restrict his and others' ability to play chess and smoke cigarettes in Woodruff Park. (Id. at 2). Petitioner alleges that a series of events during an altercation with a Woodruff park official lead to his arrest for simple battery, based upon the false report of the crime by the park attendant. (Id. at 5-7). Petitioner requests that the Court declare his arrest warrant void and dismiss his state court prosecution or acquit him of the charges based upon lack of probable cause and subject matter jurisdiction. (Id. at 57).

On April 15, 2014, the Magistrate Judge noted the federal court's "fundamental policy against federal interference with state criminal [prosecutions.]" (R&R at 2) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). The Magistrate Judge noted that Petitioner was not entitled to relief, and recommended that the Court dismiss the Petition. (R&R at 3) (citing Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts) (the "Rules"). The Magistrate Judge recommended that no certificate of appealability ("COA") should be issued. (R&R at 3). Petitioner did not file any objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the district judge must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Analysis

As Petitioner has not objected to the Magistrate Judge's R&R, the Court reviews the Magistrate Judge's findings and recommendations for plain error. See Slay 714 F.2d at 1095.

The Supreme Court, in Younger v. Harris, established that federal courts "should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer

irreparable injury if denied equitable relief." Younger, 401 U.S. at 44-45. Constitutional claims must, instead, be raised in the ongoing state proceeding "'unless it plainly appears that this course would not afford adequate protection.'" Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

To the extent that Petitioner raises a federal constitutional claim, the Magistrate Judge concluded that Petitioner's claims were capable of being addressed in state court, and that none of his concerns warranted immediate federal intervention in his state court prosecution. (R&R at 2). The Magistrate Judge recommended dismissing the Petition pursuant to Rule 4, which provides that if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." See Rule 4.[1] The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When a district court has denied a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claim, the petitioner must show that (1) "jurists of reason would find it debatable whether the district court was

---

[1] The "Rules Governing Section 2254 Cases in the United States District Courts" apply to Petitioner's § 2241 Petition. See Rule 1(b).

4

correct in its procedural ruling," and that (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. at 484 (2000).

The Magistrate Judge recommended that a COA not be issued, finding that Petitioner failed to meet the standard set forth in Slack. It is not debatable that the Younger doctrine bars the Court from adjudicating Petitioner's claims at this time. See Younger, 401 U.S. at 44-45. The Court finds no plain error in the Magistrate Judge's determination that a COA should not be issued. See Slay, 714 F.2d at 1095.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield III's Final Report and Recommendation [6] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**SO ORDERED** this 10th day of October, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE